IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| ANDREW REYNOLDS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00010 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILSON LAWN AND | ) | By: Hon. Jackson L. Kiser |
| GARDEN, INC., ET AL., | ) | Senior United States District Judge |
| | ) | |
| Defendants. | ) | |

On February 4, 2014, Plaintiff Andrew Reynolds ("Plaintiff") filed a personal injury action in the Circuit Court of the City of Danville against the following defendants: (1) Wilson Lawn and Garden, Inc.; (2) Judy M. Wilson; (3) Lawrence G. Wilson; and (4) Husqvarna Professional Products, Inc. ("Husqvarna"). (*See* Not. of Removal Ex. A [ECF No. 1].) On March 5, 2014, Husqvarna, with the written consent of the other defendants, filed a Notice of Removal with this Court. (*Id.*) Husqvarna relies exclusively on diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for its removal from state court.[1] (*Id.* at 2.) On March 10, 2014, I *sua sponte* noted the potential lack of subject matter jurisdiction and ordered the parties to come forth and show cause why this matter should not be remanded to the Circuit Court. (*See* Order to Show Cause [ECF No. 8].) Both sides filed written briefs, but neither party requested oral argument in compliance with the Order to Show Cause. The matter is now ripe for decision.

Plaintiff claims that he suffered serious personal injury when a defect in his Husqvarna RZ4623 zero-turn lawn tractor caused it to make a sudden and unexpected right turn, throwing

---

[1] In relevant part, § 1332 provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a) (2013).

him over an embankment.² (*See* Not. of Removal Ex. A, at 2–4.) On or about May 24, 2013, Plaintiff allegedly purchased the lawn tractor from "Wilson Lawn and Garden, Inc.," a Virginia corporation owned and operated by Virginia residents Judy M. Wilson and Lawrence G. Wilson (collectively, "Virginia Defendants"). (*Id.* Ex. A, at 2.) Virginia Defendants, however, dispute their involvement in the sale. They allege that on March 16, 2011, Wilson Lawn and Garden, Inc., "sold and transferred the assets of its business to Wilson L & G, LLC and JR Real Estate, LLC." (*Id.* Ex. C, at 1–2.) Virginia Defendants claim that the Virginia State Corporation Commission terminated the existence of Wilson Lawn and Garden, Inc., on April 30, 2013, "almost a month before plaintiff alleges he purchased the subject mower." (*Id.* Ex. C, at 2.) According to Husqvarna, "[t]he proper entity at all relevant times, including the time of the sale of the mower, was Wilson L & G, LLC." (Reply Mem. in Supp. of Mot. to Strike Am. Compl. 3 n.1 [ECF No. 23].)

In order to establish diversity for purposes of federal jurisdiction,³ Husqvarna claims that the Virginia Defendants were not "properly joined and served" for purposes of jurisdiction. (Not. of Removal 3.) Husqvarna argues that, "[b]ecause there is 'no possibility that the plaintiff would be able to establish a cause of action against the in-state defendants in state court,'" this Court "may disregard, for jurisdictional purposes, the citizenship of [the] nondiverse defendants

---

² In the Complaint, Plaintiff explains that "the subject lawn mower's steering and speed is controlled by right and left steering levers, both of which must be fully free to enable full steering and speed control." (Not. of Removal Ex. A, at 2.) According to Plaintiff, however, the "right steering lever was obstructed from forward engagement by virtue of the mower deck lift lever." (*Id.* at 3.) By obstructing forward engagement of the right steering control lever, Plaintiff claims that the alleged defect "causes the subject lawn mower to make an unintended turn when the operator attempts to engage both steer levers in the forward direction." (*Id.*) Plaintiff alleges that he was operating the machine on his Virginia property on or about May 31, 2013, when the obstructed steering control lever "caused a sudden, unexpected, and abrupt right turn of the subject lawn mower, which caused it to go over an embankment, causing the plaintiff physical injury." (*Id.*)

³ At the time of removal, Plaintiff, as well as Defendants Wilson Lawn and Garden, Inc., Judy M. Wilson, and Lawrence G. Wilson, were all alleged to be citizens of Virginia. (Not. of Removal 2.)

[and] assume jurisdiction over [this] case." (*Id.* (citing *Hien Pham v. Bank of New York*, 856 F. Supp. 2d 804, 809 (E.D. Va. 2012); *Cordill v. Purdue Pharma, L.P.*, No. 1:02CV00121, 2002 WL 31474466, at *2 (W.D. Va. Nov. 5, 2002)).)

As a general rule, a defendant may remove to federal court any civil action of which the district courts of the United States have original jurisdiction. 28 U.S.C. § 1441(a) (2013). In order to effect removal on the basis of citizenship pursuant to 28 U.S.C. § 1332(a), however, "[d]iversity must be established at the time of removal." *Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir. 1988). Further, even if a defendant is able to establish "complete diversity,"[4] an action removed on the basis of diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

One way to defeat this diversity requirement—and the method employed here by Husqvarna—is to allege "fraudulent joinder." Fraudulent joinder is a judicially-created doctrine that provides an exception to the requirement of complete diversity. *See Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999); *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Under this doctrine, "a district court can assume jurisdiction over a case even if, *inter alia*, there are nondiverse named defendants at the time the case is removed." *Mayes*, 198 F.3d at 461 (citing *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 233 (4th Cir. 1993)) (footnote omitted). It "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the

---

[4] The "complete diversity" rule "clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). The "complete diversity" rule, "when coupled with other rules, makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Id.* (footnotes omitted).

nondiverse defendants, and thereby retain jurisdiction." *Id.* (citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)).

The phrase "fraudulent joinder" is both a term of art and something of a misnomer. The doctrine "does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists." *AIDS Counseling and Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citations omitted) (emphasis in original). "[I]t requires neither fraud nor joinder." *Trigo v. Travelers Commercial Ins. Co.*, No. 3:10–cv–00028, 2010 WL 3521759, at *3 (W.D. Va. Sept. 7, 2010) (citing *Mayes*, 198 F.3d at 461 n.8). In order to establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: "[t]hat there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes*, 198 F.3d at 464 (alteration in original; citations omitted).

Because there is no suggestion that Plaintiff's inclusion of the non-diverse defendants was fraudulent in fact, application of the fraudulent joinder doctrine "depends on whether there is a reasonable possibility that plaintiff can recover against these defendants." *Hien Pham v. Bank of New York*, 856 F. Supp. 2d 804, 809 (E.D. Va. 2012). Here, Plaintiff seems to concede that there is no reasonable basis for recovery with respect to the Virginia Defendants.[5] Notwithstanding the presence of these nondiverse defendants at the time of removal, I will

---

[5] In fact, *Plaintiff* moved to dismiss these defendants pursuant to Fed. R. Civ. P. 41(a)(2), noting that "they are likely not the proper parties to this matter, due to their transfer of ownership interest in the store in which the plaintiff purchased the subject mower." (Pl.'s Mot. to Dismiss Judy Wilson, Lawrence Wilson and Wilson Lawn and Garden, Inc. Pursuant to R. 41(a)(2) Ex. A, at 1 [ECF No. 14].)

accordingly assume jurisdiction over the case, and dismiss the "fraudulently joined" Virginia Defendants.

This case is somewhat complicated, however, by the potential *post-removal* addition of a nondiverse party. After Husqvarna filed its Notice of Removal on March 5, 2014, Plaintiff moved quickly to amend the Complaint and name the proper defendants.[6] Instead of granting leave to amend the Complaint, Husqvarna argues that this Court should strike the Amended Complaint, and thereby retain diversity jurisdiction over the remaining action against Husqvarna. (*See* Mot. to Strike Am. Compl. [ECF No. 19].) After considering the relevant factors, I find this argument to be unpersuasive.

When a plaintiff seeks to join a nondiverse defendant that would destroy subject matter jurisdiction after a case has been removed, a court "may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision of "whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court," but "the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Mayes*, 198 F.3d at 462 (footnotes and internal citations omitted). In exercising its discretion under § 1447(e), a district court is "entitled to consider all relevant factors," including: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Mayes*, 198 F.3d at 462 (internal citations and quotation marks omitted).

---

[6] On March 12, 2014, Plaintiff filed an Amended Complaint, seeking to join "Wilson L & G, LLC," as a defendant, and dismiss all claims against Wilson Lawn and Garden, Inc., Judy M. Wilson, and Lawrence G. Wilson. (*See* Am. Compl. [ECF No. 11].) Plaintiff separately moved to dismiss these defendants pursuant to Fed. R. Civ. P. 41(a)(2) (Pl.'s Mot. to Dismiss [ECF No. 14]), and remand the matter to Circuit Court (Pl.'s Mot. to Remand [ECF No. 12]).

Applied to the facts of the case at bar, I find that all four factors counsel in favor of accepting Plaintiff's Amended Complaint. (*See* Pl.'s Mem. in Resp. to Def.'s Mem. in Resp. to Order to Show Cause 2–6 [ECF No. 21].) First, there is no evidence to support an inference that the amendment is intended to defeat federal jurisdiction. Second, although Plaintiff was initially mistaken regarding the identities of the proper defendants, he has worked diligently to correct the error and seek an amendment. Third, I am not persuaded by Husqvarna's argument that Plaintiff has nothing to gain from the addition of Wilson L & G, LLC as a defendant.[7] I find that the equities weigh in favor of Plaintiff, and I will accept the Amended Complaint. Having permitted the post-removal joinder of an additional defendant who defeats subject matter jurisdiction, however, 28 U.S.C. § 1447(e) requires that I remand the action to the State court.

For the foregoing reasons, I hereby **DISMISS** Defendants Judy M. Wilson, Lawrence G. Wilson, and Wilson Lawn and Garden, Inc., as "fraudulently joined." Further, I hereby **ACCEPT** the Amended Complaint, naming Wilson L & G, LLC, as a defendant, and accordingly **REMAND** this matter to the Circuit Court of the City of Danville for lack of subject matter jurisdiction. In the absence of federal jurisdiction, all outstanding motions are hereby **DISMISSED AS MOOT.**

---

[7] Plaintiff has a right to pursue relief from all potentially liable parties. While Husqvarna may have a duty to indemnify Wilson L & G, LLC, for damages arising from Plaintiff's claim, this argument fails to acknowledge the role of joint and several liability among joint tortfeasors under Virginia law. *See* Va. Code Ann. § 8.01-443 (2013). Further, in addition to "negligent design, manufacture, assembly, and failure to warn," Plaintiff separately raised claims for "breach of warranty" in the Complaint. (*See* Not. of Removal Ex. A, at 4–5.) Insofar as Plaintiff may have a viable cause of action against Wilson L & G, LLC, rejecting the Amended Complaint would force Plaintiff to bring these claims in state court through a separate action. In the context of joinder analysis, the Fourth Circuit has cautioned against the "danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources." *Mayes*, 198 F.3d at 463 (citation omitted).

The Clerk is directed to remove this case from the active docket of the Court and forward a copy of this Order to all counsel of record.

Entered this 8th day of April, 2014.

                                                          s/Jackson L. Kiser
                                                          SENIOR UNITED STATES DISTRICT JUDGE